## Commonwealth v. Hess

*Julian W. Barnard,* for Commonwealth.

*Edward M. Hawes,* of *Lazelere & Wright,* and *Harrison G. Kildare,* for defendant.

CORSON, J., April 24, 1941.—The present motion arises out of a summary proceeding before a justice of the peace in which defendant, Hess, was charged with violation of a parking ordinance of the Borough of Norristown. Defendant was arrested in Philadelphia, gave bail for his appearance before the justice of the peace, and subsequently waived hearing and gave bail for his appearance before this court.

He now moves to quash the information, warrant, and proceedings, alleging that his arrest in Philadelphia was irregular because he did not receive notice of the filing of the information by registered mail as required by section 1202 (*a*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Acts of June 22, 1931, P. L. 751, and July 16, 1935, P. L. 1056. It is the contention of defendant that, The Vehicle Code procedure not having been followed, the justice of the peace lacked jurisdiction and the proceedings must be quashed.

The Commonwealth contends that the proceeding was not brought under The Vehicle Code, supra, but in accordance with and under powers granted to the borough by The Vehicle Code, supra. Commonwealth argues that defendant, having waived hearing and entered bail for his appearance before this court, thereby waived any irregularities in his arrest and cannot now question the legality of his arrest. Rather than decide the case upon this contention we prefer to decide it upon the real question involved. This is the question of whether prosecutions under the borough parking ordinance must follow the provisions of section 1202(*a*) of The Vehicle Code, supra, or whether being brought under the ordinance the proceedings are governed by other provisions of The Vehicle Code, supra. Section 1202(*a*) of the code provides:

"Summary proceedings *under this act* may be commenced by the filing of information . . . and, within the period of seven (7) days . . . the magistrate shall send by *registered* mail . . . a notice in writing. . . ." (Italics supplied.)

If the prosecution under the parking ordinance is held to be brought "under this act" then Hess would have been entitled to notice by registered mail. Section 1212(*a*) of The Vehicle Code, supra, provides that "Prosecutions for offenses defined in this act, *except as otherwise herein provided*, shall be brought under this act and not under any local ordinance, rule or regulation." (Italics supplied.) "Parking" is defined in the code, and certain kinds of parking as defined in the code are not crimes except as they may be made crimes under certain circumstances as elsewhere set forth in the act.

Section 1212(*b*) provides that "Prosecutions brought under any local ordinance, rule, regulation, or for common law offenses, which are based on a violation for which there is a specific penalty provided in this act, shall be deemed and considered as having been brought

under this act, and the disposition of the fines and forfeitures shall be so governed." Subdivision (c), however, of the same section provides:

"Any . . . borough . . . which enforces an ordinance, rule or regulation on a matter concerning which authority is expressly delegated to said authorities by this act, or for traffic matters not covered by this act, may impose a fine of not more than fifty ($50) dollars, to be collected by summary conviction, before any magistrate, as *fines and penalties are now by law collected*." (Italics supplied.)

Certainly section 1212(b) cannot apply because there is no specific penalty provided in the act for parking too long in front of a parking meter in the Borough of Norristown, and certainly it is not a common-law offense. After prosecution is brought under an ordinance as provided in section 1212(c), then the procedure for the collection is not under The Vehicle Code, supra, and notice by registered mail would not be required.

Section 1103(a) of The Vehicle Code of 1929, as variously amended and finally amended by the Act of June 5, 1937, P. L. 1718, sec. 9, provides that, except as expressly authorized in the act, local authorities shall have no power or authority to alter any speed limitations declared in the act, or to enact or enforce any ordinance or regulation contrary to the provisions of the act. It is expressly authorized, however, in this section "that local authorities shall have power to provide by ordinance for the regulation of traffic . . . and may regulate or prohibit parking. . . ."

It is apparent that the intention of the legislature under this subsection of section 1103 was to prevent local authorities from enacting or enforcing speed regulations or other regulations in conflict with the provisions of the act. The legislature evidently intended that the act shall provide for uniformity in speed and certain other regulations, throughout the entire State.

The legislature realized, however, that no State-wide statute could be passed that would work satisfactorily so as to take care of the various local conditions requiring parking and traffic regulations in various municipalities throughout the State. The legislature realized that certain kinds of parking on State highways and under certain conditions were dangerous at any time or place and these parking regulations were, therefore, made general for the State. The power was delegated, however, to boroughs to enact and enforce ordinances fixing local parking regulations. The Borough of Norristown did enact such a regulation and under section 1212(c) the borough had the right to provide for fines and to collect such fines before any magistrate, not by proceedings under The Vehicle Code, supra, but, as provided in such subsection, "as fines and penalties are now by law collected". Under these two provisions the legislature, it would seem wisely, delegated to the boroughs the right to enact local parking regulations, to enforce such regulations, and to collect fines for violations of such local regulations. This interpretation of the act has been upheld in the case of Commonwealth v. Bielski, 82 Pitts. 78 (1934).

In interpreting these various sections of the act it should be noted that the original section 1202(a) of the code provided:

"Summary proceedings under this act, or *any violation of a local ordinance*, rule or regulation, enacted under the authority thereof, except as hereinafter provided, shall be commenced by the filing of information." (Italics supplied.)

This same section as finally amended by the Act of June 29, 1937, P. L. 2329, sec. 3, omits the phrase "or any violation of a local ordinance, rule or regulation", and provides that "Summary proceedings under this act may be commenced by the filing of information." The phrase had to be omitted so as not to conflict with subsection (c), as amended, providing that fines, for

358

violations of ordinances enacted by boroughs under authority especially delegated by the act, shall be collected by summary conviction "as fines and penalties are now by law collected". We feel, therefore, that this prosecution, being brought under the local ordinance enacted under express authority delegated by the legislature, is governed by section 1212 (c), supra, and that in such proceedings notice by registered mail is not required. We, therefore, enter the following decree:

And now April 24, 1941, defendant's motion to quash the warrant, information, and proceedings, and that judgment be entered for defendant, is refused. An exception is allowed to defendant.